THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| D.N. a Minor b/n/f KIM HUFF, and KIM HUFF, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) CAUSE NO. 3:05-CV-716RM |
| PENN HARRIS MADISON SCHOOL CORPORATION and PENN HIGH SCHOOL, | ) ) ) ) ) ) |
| Defendants | ) |

OPINION AND ORDER

D.N. was suspended from participating in extracurricular sports after his second violation of his high school's code of conduct. He and his mother now sue Penn High School and Penn Harris Madison School Corporation alleging the school's policies, procedures, and practices violate the Fourteenth Amendment to the United States Constitution, Article I of the Indiana Constitution, and various Indiana statutes and common law. The defendants previously moved to dismiss all claims for failure to state a claim for which relief can be granted. They now move to dismiss the plaintiffs' complaint as moot due to D.N.'s graduation from Penn High School on June 11, 2006. For the reasons that follow, the court grants the defendants' motion to dismiss for failure to state a claim.

The United States Constitution limits the court's jurisdiction to live cases and controversies, *see* U.S. CONST. art. III, § 2; Stotts v. Community Unit School Dist. No. 1, 230 F.3d 989, 990 (7th Cir. 2000) (citing Murphy v. Hunt, 455 U.S.

478, 481 (1982)), so the court must first determine if jurisdiction exists to hear the plaintiffs' case. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "The requirement that a case have an actual, ongoing controversy extends throughout the pendency of the action." Id (citing Board of Educ. of Downer's Grove Grade School Dist. No. 58 v. Steven L., 89 F.3d 464, 467 (7th Cir. 1996)). "When a case is moot, it must be dismissed as non-justiciable." Id.

The defendants say the plaintiffs' case presents no live controversy because D.N.'s graduation renders him ineligible to participate in Penn High School's athletic program. In support of their argument, the defendants cite Stotts v. Community Unit School Dist. No. 1, 230 F.3d 990, a case affirming the district court's dismissal of a student's complaint seeking injunctive relief against his school for suspending him from the basketball team as moot because the student had graduated. This case differs because the plaintiffs seek, in addition to injunctive and declaratory relief, actual and nominal damages. The plaintiffs' action for monetary damages resulting from the alleged constitutional violations continues to present a live controversy. See Blau v. Fort Thomas Public School Dist., 401 F.3d 381, 387 (6th Cir. 2005); Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1257 (10th Cir. 2004); Mellen v. Bunting, 327 F.3d 355, 364-365 (4th Cir. 2003), *cert. denied*, 541 U.S. 1019 (2004); Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 218 (3d Cir. 2003); Doe v. Madison

2

Sch. Dist. No. 321, 177 F.3d 789, 798 (9th Cir. 1999). Accordingly, the court grants the defendants' motion to dismiss the complaint as moot insofar as the plaintiffs seeks declaratory and injunctive relief. Because the plaintiffs' action for damages continues to pend, the court addresses the defendants' motion to dismiss for failure to state a claim.[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts consistent with the complaint entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

The following facts are based upon the plaintiffs' allegations. When the complaint was filed, D.N. was a senior at Penn High School and had participated in extracurricular activities including football and track. D.N. violated the Penn

---

[1] To the extent the plaintiffs' actions for declaratory and injunctive relief could be considered a live controversy under the limited exception for cases "capable of repetition yet evading review," *see* Stotts v. Community Unit School Dist. No. 1, 230 F.3d at 991, D.N. has no reasonable expectation of being subject to Penn High School's "policies, procedures, and practices" relating to its athletics program because he has graduated, and so doesn't fall within the exception. Id.

3

High School code of conduct during his freshman year; his parents reported the incident to the school and he was suspended for half a track season.

D.N. violated the code of conduct for a second time on July 21, 2005 when he allowed friends into his house who brought beer and girls who had consumed alcohol at another location. The girls were sent home because they were intoxicated, but their parents assumed they had become intoxicated because of D.N., so the parents called the police and D.N. was ticketed for minor consumption of alcohol.

D.N.'s parents contacted the head and assistant football coaches over the next two days to discuss the incident. Penn High School athletic director Ben Karasiak informed D.N.'s parents that D.N. was suspended from extracurricular activities for 365 days as a result of his second violation of the school's code of conduct. Mr. Karasiak's determination that D.N. had violated the code of conduct was based upon the parents' admissions to the coaches that he had been ticketed by the police for illegal consumption of alcohol, a witness to the police's administration of a portable breath test of D.N. (which resulted in a blood/alcohol reading of .06%), and several partygoers who witnessed the presence of alcoholic beverages.

D.N.'s parents appealed the suspension, stipulating a violation of the code of conduct, but requesting an alternative sanction. A hearing was held in February 2005; Mr. Karasiak served as a prosecutor and non-voting member of the review panel. The panel—selected by Mr. Karasiak and comprised of the principal, two

4

coaches, Mr. Karasiak's assistant, and a staff member—"decided to uphold the recommendation made by the Athletic Department." D.N.'s parents met with Superintendent Dr. Robert Howard to express their objections to Mr. Karasiak serving as the prosecutor and selecting the review panel.

In April 2005, D.N. had a second hearing before a different panel comprised of two Penn coaches and Mr. Karasiak's "old friend" (or so alleges D.N., and the court must accept that allegation). During the hearing, the Penn officials questioned the need for a second hearing. The panel affirmed D.N.'s suspension.

The plaintiffs contend that many of Penn High School's "policies, procedures, and practices" relating to its athletics program are "arbitrary, capricious, and fraudulent" in violation of 14th Amendment. They say the policies and procedures "encourage parents to communicate confidentially with school officials concerning substance abuse, and then sanction them for doing so," "suggest that an appeals process may provide relief, yet then rule that their rules provide for no relief," result in "cases [ ] decided by a panel comprised of individuals picked by and subject to the influence of appellants' prosecutor, thus denying [D.N.] his due process right to have his case judged by an impartial tribunal," and have "denied [D.N.'s] right to have appropriate punishment considered in light of relevant facts and circumstances."

A court confronted with a due process claim must first determine whether the plaintiff possess a protected life, liberty, or property interest. Fittshur v. Village of Menomonee Falls, 31 F.3d 1401, 1405 (7th Cir.1994), *citing* Cleveland Board

5

of Education v. Loudermill, 470 U.S. 532, 541 (1985). Whether D.N. has a protected interest in participating in extracurricular activities is a question of state law. Moulton v. Vigo County, 150 F.3d 801, 804 (7th Cir. 1998).

Indiana law hasn't recognized a right to participate in interscholastic athletics. Indiana High School Athletic Ass'n, Inc. v. Carlberg, 694 N.E.2d 222, 241-242 (Ind.1997) (the participation in interscholastic sports is not a right protected by procedural or substantive due process). Still, the plaintiffs say once an interscholastic athletics program has been provided, it must be administered in a reasonable manner. In other words, participants have a non-constitutional privilege that the program which has been offered be administered in accordance with due process protections of the Fourteenth Amendment. *See, e.g.,* Goldberg v. Kelly, 397 U.S. 254, 262 (1970) (holding limited to welfare entitlements). The plaintiffs rely on three cases for the proposition that Indiana recognizes such a protected interest.[2]

Jordan By and Through Jones v. Indiana High School Athletic Ass'n, Inc., 813 F. Supp. 1372, 1380-1381 (N.D. Ind. 1993), held that the court could set aside a voluntary association's arbitrary and capricious decisions. The court's holding, however, addressed judicial review of a voluntary association's decision under Indiana common law—a method of analysis inconsistent with constitutional

---

[2] The plaintiffs' complaint also appears to allege that D.N. has lost scholarship opportunities as a result of the defendants' actions. The possibility of a scholarship, however, isn't a protectable property interest under the 14th amendment. Indiana High School Athletic Ass'n, Inc. v. Carlberg, 694 N.E.2d at 241 n.26.

6

analysis under federal due process. IHSAA v. Carlberg, 694 N.E.2d at 228 (some courts have incorrectly merged the "arbitrary and capricious" analysis with constitutional analysis). The Jordan v. IHSAA decision thus is unhelpful in determining if D.N. has a protected interest under the Fourteenth Amendment.

In Haas v. South Bend Comm. School Corp., 289 N.E.2d 495, 498 (Ind. 1972), the Indiana Supreme Court held that an athletics program, once provided, must be administered in a manner that doesn't deny equal protection to female students as guaranteed by the Fourteenth Amendment.[3] The court didn't say, however, that students participating in an athletics program have a property right that would trigger any due process protections under the Fourteenth Amendment to an appeals process or particularized disciplinary reporting methods. The plaintiff's reliance on Haas v. South Bend for the right to have a program that provides fair proceedings under due process is misplaced. *See, e.g.,* Robbins by Robbins v. Indiana High School Athletic Ass'n, Inc., 941 F. Supp. 786, 791 (S.D. Ind.1996) (Haas taught that once an interscholastic athletic program is provided, it "must be administered without violation of the Fourteenth Amendment, at least if the case involves an equal protection claim arising from gender-based discrimination").

The court in Butler v. Oak Creek-Franklin School Dist., 172 F. Supp.2d 1102, 1119-1121 (E.D. Wis. 2001), held that "rules and decisions governing

---

[3] Haas v. South Bend is sometimes described as Indiana's equivalent to Title VII. Indiana High School Athletic Ass'n, Inc. v. Reyes, 694 N.E.2d 249, 257 n.6 (Ind.1997).

participation in high school athletics must satisfy constitutional principles as applied and may not impinge on due process." This decision, though, was based on Wisconsin law, and is inapplicable as to whether Indiana provides an interest protected under the Fourteenth Amendment.

The plaintiffs rely upon cases that do not support their claim of a protected interest. They ask this court to recognize property rights that Indiana courts haven't recognized. The plaintiffs' complaint, therefore, doesn't state a claim under due process for which relief can be granted and should be dismissed. *See, e.g.,* Phelan v. City of Chicago, 125 F. Supp.2d 870, 873-874 (N.D. Ill. 2000) ("Because Plaintiff has not alleged that he was a career service employee and has pleaded no other alleged basis for a protected property right in his job, he has not established a basis of entitlement to his position as Ward Superintendent within the meaning of the Due Process Clause of the Fourteenth Amendment.").[4]

The plaintiffs also contend that Penn High School's policies, procedures, and practices relating to its athletics program violate Article I §§ 12 and 23 of the Indiana Constitution, Indiana Code §§ 4-21.5-5-14(d) -15, Indiana Code § 20-33-8-25(b)(9), and Indiana contract law.  Having resolved the federal claims, the court relinquishes its supplemental jurisdiction — to the extent is has jurisdiction — over those state law claims. *See* Neff v. Capital Acquisitions & Management Co.,

---

[4] The plaintiffs' complaint is also dismissed to the extent it could be construed as arguing the defendants have violated D.N.'s substantive due process rights under the 14th Amendment since the participation of in interscholastic sports doesn't rises to the level of the kinds of fundamental rights and liberties protected by substantive due process. Indiana High School Athletic Ass'n, Inc. v. Carlberg, 694 N.E.2d at 242.

8

352 F.3d 1118, 1122 (7th Cir. 2003). With no remaining federal issues, resolution of those claims brought under Indiana law by Indiana citizens against an Indiana governmental entity — some of which raise novel questions of state law including whether there is a private right of action for damages for violations of the Indiana Constitution — should be left to the Indiana courts.

For the foregoing reasons, the court GRANTS the defendants' motion to dismiss the plaintiffs' complaint as moot, insofar as the plaintiffs seek declaratory and injunctive relief [Doc. No. 7], GRANTS the motion to dismiss the plaintiffs' remaining federal due process claim for monetary damages [Doc. No 3], and dismisses the state law claims without prejudice to their renewal in an Indiana court. The clerk shall enter judgment accordingly.

SO ORDERED.

Entered:   September 18, 2006

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court